JAMES B. BELSHE (USB No. 9826)
CLINTON E. DUKE (USB No. 9784)
AMBER B. LEAVITT (USB No. 11412)
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 321-1707

Attorneys for Plaintiff SKULLCANDY, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SKULLCANDY, INC., <br><br> Plaintiffs, <br> v. <br><br> BLUEANT WIRELESS, PTY. LTD., et al., <br><br> Defendants. | Civil Action No.  2:09-cv-01072 <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> Honorable Judge Dee Benson |

Skullcandy, Inc. ("Skullcandy") brings this action against defendants JayBird Gear, LLC, Altec Lansing Technologies, Inc., Goldlantern, LLC, Jasco Products Co., LLC, Kye Systems America Corp., Lubix Corp., Tritton Technologies, Inc., Philips Electronics North America Corp., Plantronics, Inc., Samsung Electronics America, Inc., Modelabs Technologies, Ltd., and GN Netcom, Inc. d/b/a Jabra, and (collectively referred to hereafter as "Defendants"), and for good cause of action alleges as follows:

### THE PARTIES

1. Skullcandy, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Park City, Utah.

2. On information and belief, JayBird Gear, LLC is a Utah corporation with headquarters in Salt Lake City, Utah, has designated its registered agent for purposes of service of process as Tana Davis, 2825 East Cottonwood Parkway, Suite 500, Salt Lake City, Utah 84121, and is doing business in this judicial district.

3. On information and belief, Altec Lansing Technologies, Inc. is a Pennsylvania corporation with headquarters at 535 Route 6 & 209, Milford, Pennsylvania, 18337, has designated its registered agent for purposes of service of process as CT Corporation System, 116 Pine Street # 320, Harrisburg, Pennsylvania 17101, and is doing business in this judicial district.

4. On information and belief, Goldlantern, LLC is a California limited liability company with headquarters in Dana Point California, has designated its registered agent for purposes of service of process as George Stepancich, 21 Tirremia, Dana Point, California, 92629, and is doing business in this judicial district.

5. On information and belief, Jasco Products Co., LLC is a Oklahoma limited liability company with headquarters in Oklahoma City, Oklahoma, has designated its registered agent for purposes of service of process as David V. Stewart, 10 W Memorial Road, Oklahoma City, Oklahoma, 73114, and is doing business in this judicial district.

6. On information and belief, Kye Systems America Corp. is a California corporation with headquarters in Doral, Florida, has designated its registered agent for purposes of service of process as Kye International Corp., 12675 Colony Street, Chino, California, 91710, and is doing business in this judicial district.

7. On information and belief, Lubix Corp. is located at 5757 W Century Blvd., Ste 470, Los Angeles, California, has designated its registered agent for purposes of service of process as

Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and is doing business in this judicial district.

8.  On information and belief, Tritton Technologies, Inc. is a Delaware corporation with headquarters in Vista, California, has designated its registered agent for purposes of service of process as Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware, 19801, and is doing business in this judicial district.

9.  On information and belief, Philips Electronics North America Corporation is a Delware corporation with headquarters in Andover, Massachusetts, has designated its registered agent for purposes of service of process as The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware, 19801, and is doing business in this judicial district.

10. On information and belief, Plantronics, Inc. is a Delaware corporation with headquarters in Santa Cruz, California, has designated its registered agent for purposes of service of process as The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware, 19801, and is doing business in this judicial district.

11. On information and belief, Samsung Electronics America, Inc. is a New York corporation with headquarters in Ridgefield Park, New Jersey, has designated its registered agent for purposes of service of process as CT Corporation System, 111 Eighth Avenue, New York, New York, 10011, and is doing business in this judicial district.

12. On information and belief, GN Netcom, Inc. d/b/a Jabra is a Delaware corporation with headquarters in Nashua, New Hampshire, has designated its registered agent for purposes of service of process as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808, and is doing business in this judicial district.

13. On information and belief, Modelabs Technologies, Ltd., is a corporation with headquarters in Wai Chai, Hong Kong, has designated its registered agent for purposes of service of process as 31/F China Online Center, 333 Lockhart Road, Wan Chai, Hong Kong Island, Hong Kong, and is doing business in this judicial district.

## JURISDICTION AND VENUE

14. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code.

15. Subject-matter jurisdiction over Skullcandy's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

16. On information and belief, Defendants have solicited business in the State of Utah, transacted business within the State of Utah and attempted to derive financial benefit from residents of the State of Utah, including benefits directly related to the instant patent infringement cause of action set forth herein.

17. On information and belief, Defendants have placed their infringing compositions into the stream of commerce throughout the United States, which compositions have been offered for sale, sold and/or used in the State of Utah and/or in the District of Utah.

18. Defendants, directly or through their subsidiaries, divisions, groups or distributors have committed acts of infringement in this judicial district, are subject to personal jurisdiction in this judicial district, and/or are doing business in this judicial district.

19. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and/or 1400(b).

## ACCUSED PRODUCTS

20. Jaybird Gear, LLC, directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as JB-200.

21. Altec Lansing Technologies, Inc., directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as BackBeat 906.

22. Goldlantern, LLC, directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as G-Lite, model numbers GLP-1000 and BH-Q600.

23. Jasco Products Co., LLC, directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the products identified as GE Bluetooth Advanced Stereo Headphone and GE Bluetooth Stereo Headphone.

24. Kye Systems America Corp., directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the products identified as BT-03A and the BT-03I.

25. Lubix Corp., directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the products identified as UBHS-NC1 and BHS-LC1.

26. Tritton Technologies, Inc., directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing

products, including, but not limited to, the products identified as AX BlueStream, including, but not limited to, model number TRI-BH102.

27. Philips Electronics, directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale for sale infringing products, including, but not limited to, the products as SHB6102/27, SHB7102/27, SHB6101, and SHB6100.

28. Plantronics, Inc., directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale infringing products, including, but not limited to, the products identified as Voyager 855 and Pulsar 590.

29. Samsung Electronics America, Inc., directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the products identified as ASBH500JKE, ASBH500JRECSTA, ASBH500JBECSTA, SBH650, and SBH500.

30. GN Netcom, Inc. d/b/a Jabra, directly or through its subsidiaries, divisions or groups, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the products identified as the BT620s, BT8010, BT8040, and the A120s.

31. The above listing of Defendants' products is collectively referred to hereafter as "the Accused Products."

32. The Accused Products do not necessarily represent an exhaustive list, and additional products may be added pending further discovery.

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT

33. On March 6, 2007, U.S. Patent No. 7,187,948 (the "'948 patent") entitled "Personal Portable Integrator for Music Player and Mobile Phone," a copy of which is attached hereto as Exhibit A, was duly and legally issued to the inventor, Richard P. Alden. Skullcandy is the owner of all right, title and interest in and to the '948 patent, including the right to sue for and recover all past, present and future damages for infringement of the '948 patent.

34. On July 1, 2008, U.S. Patent No. 7,395,090 (the "'090 patent") entitled "Personal Portable Integrator for Music Player and Mobile Phone," a copy of which is attached hereto as Exhibit B, was duly and legally issued to the inventor, Richard P. Alden. Skullcandy is the owner of all right, title and interest in and to the '090 patent, including the right to sue for and recover all past, present and future damages for infringement of the '090 patent.

35. Upon information and belief, Defendants, directly or through their subsidiaries, divisions or groups, have infringed and continue to infringe the '948 patent and the '090 patent (collectively, the "Skullcandy Patents") by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States, Utah and/or this judicial district, one or more of the Accused Products that are covered by one or more of the claims of the Skullcandy Patents. Defendants are liable for infringement of the Skullcandy Patents pursuant to 35 U.S.C. § 271.

36. Defendants' acts of infringement have caused damage to Skullcandy, and Skullcandy is entitled to recover from the defendants the damages sustained by Skullcandy as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

37. As a consequence of the infringement complained of herein, Skullcandy has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by

such acts in the future unless the defendants are enjoined by this Court from committing further acts of infringement.

38. Upon information and belief, one or more of the Defendants' acts of infringement were made or will be made with knowledge of the Skullcandy Patents. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Skullcandy to enhanced damages and reasonable attorneys' fees.

39. By reason of the foregoing, Skullcandy is entitled to injunctive and monetary relief against Defendants, pursuant to 35 U.S.C. §§ 283-85, as set more fully set forth herein below.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY PATENT INFRINGEMENT

40. Skullcandy restates, re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41. Upon information and belief, Defendants are offering to sell and/or selling within the United States, or importing into the United States, Accused Products constituting a material part of the Skullcandy Patents.

42. Upon information and belief, Defendants are aware that the Accused Products are made or especially adapted for use in infringement of the Skullcandy Patents.

43. Upon information and belief, the Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use, and therefore Defendants are liable as contributory infringers.

44. The conduct of Defendants as set forth hereinabove gives rise to a claim for relief for contributory infringement of the Skullcandy Patents, pursuant to 35 U.S.C. §§ 271(c) and 281.

45. Upon information and belief, Defendants are contibutorily infringing the Skullcandy Patents in willful and deliberate disregard of Skullcandy's rights.

46. By reason of the foregoing, Skullcandy is entitled to injunctive and monetary relief against Defendants, pursuant to 35 U.S.C. §§ 283-85, as set more fully set forth herein below.

## THIRD CLAIM FOR RELIEF
## INDUCEMENT OF PATENT INFRINGEMENT

47. Skullcandy restates, re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

48. Upon information and belief, Defendants are actively inducing others to make, use, sell, and/or offer for sale, within the United States, without authority or license to do so from Skullcandy, Accused Products that fall within the scope of one or more of the claims of the Skullcandy Patents.

49. The conduct of Defendants as set forth hereinabove gives rise to a claim for relief for inducement of infringement of the Skullcandy Patents, pursuant to 35 U.S.C. §§ 271(b) and 281.

50. Upon information and belief, Defendants are inducing infringement of the Skullcandy Patents in willful and deliberate disregard of Skullcandy's rights.

51. By reason of the foregoing, Skullcandy is entitled to injunctive and monetary relief against Defendants, pursuant to 35 U.S.C. §§ 283-85, as set more fully set forth herein below.

## PRAYER FOR RELIEF

Wherefore, Skullcandy prays for the following relief:

A. Judgment that Defendants have each infringed the Skullcandy Patents;

B. An order requiring Defendants to account for and pay to Skullcandy all damages caused by their infringement of the Skullcandy Patents, whether lost profits or a reasonable royalty, and to enhance such damages by three times in light of Defendants' willful infringement, all in accordance with 35 U.S.C. § 284;

C. Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

D. An order that Skullcandy be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

E. A declaration by the Court that this an exceptional case and that Skullcandy be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. An Award of costs to Skullcandy; and

G. Any other relief that the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Skullcandy demands trial by jury on all claims and issues so triable.

Dated: January 11, 2010              WORKMAN | NYDEGGER

                                     By: /s/ James B. Belshe
                                         James B. Belshe
                                         Clinton E. Duke
                                         Amber B. Leavitt
                                     Attorneys for Plaintiff SKULLCANDY, INC.